KSC/12.06.23
USAO#2023R00790

**SEALED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | Criminal no. MJM 23cr445 |
| | * | |
| **ANTON JENIFER,** | * | **(Conspiracy to Distribute and** |
| a/k/a "Nut" or "Nutty," | * | **Possess with Intent to Distribute** |
| **THERON BLACK,** | * | **Controlled Substances, 21 U.S.C.** |
| **WILLIE CLANTON, and** | * | **§ 846; Possession with Intent to** |
| **MARK TURNER,** | * | **Distribute Controlled Substances, 21** |
| a/k/a "KJ," | * | **U.S.C. § 841(a); Possession of a** |
| | * | **Firearm by a Prohibited Person, 18** |
| **Defendants.** | * | **U.S.C. § 922(g); Possession of a** |
| | * | **Firearm In Furtherance of Drug** |
| | * | **Trafficking Crime, 18 U.S.C.** |
| | * | **§ 924(c); Aiding and Abetting, 18** |
| | * | **U.S.C. § 2; Forfeiture, 18 U.S.C.** |
| | * | **§ 924(d), 21 U.S.C. § 853, 28 U.S.C.** |
| | ****** | **§ 2461(c))** |

**INDICTMENT**

**COUNT ONE**
**Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances**

The Grand Jury for the District of Maryland charges:

From a date unknown to the Grand Jury but no later than October 2022 and continuing

until on or about February 2023, in the District of Maryland, the defendants,

**ANTON JENIFER,**
a/k/a "Nut" or "Nutty,"
**THERON BLACK,**
**WILLIE CLANTON, and**
**MARK TURNER,**
a/k/a "KJ,"

did knowingly combine, conspire, confederate, and agree with persons known and unknown to the

Grand Jury to distribute and possess with the intent to distribute 500 grams or more of a mixture

or substance containing a detectible amount cocaine, a Schedule II controlled substance.

21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(B)

**COUNT TWO**
**<u>Possession with Intent to Distribute Controlled Substances</u>**

The Grand Jury for the District of Maryland further charges:

On or about February 21, 2023, in the District of Maryland, the defendant,

**ANTON JENIFER,**
**a/k/a "Nut" or "Nutty,"**

did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture

or substance containing a detectible amount cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)
18 U.S.C. § 2

3

<u>**COUNT THREE**</u>
<u>**Possession with Intent to Distribute Controlled Substances**</u>

The Grand Jury for the District of Maryland further charges:

On or about March 1, 2023, in the District of Maryland, the defendant,

**WILLIE CLANTON,**

did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and § 841(b)(1)(C)
18 U.S.C. § 2

4

## COUNT FOUR
### Possession of a Firearm by a Prohibited Person

The Grand Jury for the District of Maryland further charges:

On or about March 1, 2023, in the District of Maryland, the defendant,

**WILLIE CLANTON,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a Hi-Point semi-automatic handgun, bearing serial number P1210100, and the firearm was in and affecting interstate commerce.

18 U.S.C. § 922(g)(1)

## COUNT FIVE

### Possession of Firearm in Furtherance of Drug Trafficking

The Grand Jury for the District of Maryland further charges:

On or about March 1, 2023, in the District of Maryland, the defendant,

## WILLIE CLANTON,

did knowingly possess a firearm, that is, a Hi-Point semi-automatic handgun, bearing serial number P1210100, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841, as alleged in Count Three of this Indictment, which is incorporated herein by reference.

18 U.S.C. § 924(c)
18 U.S.C. § 2

6

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendants' convictions under Counts One through Five of this Indictment.

### Narcotics Forfeiture

2.      Upon conviction of any of the offenses alleged in Counts One through Three, the defendants,

**ANTON JENIFER,**
**a/k/a "Nut" or "Nutty,"**
**THERON BLACK,**
**WILLIE CLANTON, and**
**MARK TURNER,**
**a/k/a "KJ,"**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

    a.    any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and

    b.    any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

### Firearms and Ammunition Forfeiture

3.      Upon conviction of either of the offenses alleged in Counts Four or Five, the defendant,

**WILLIE CLANTON,**

7

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense(s).

### Property Subject to Forfeiture

4.    The property to be forfeited includes, but is not limited to:

      a.   a Hi-Point C-9 semiautomatic 9mm handgun bearing serial number P1210100;

      b.   approximately eight rounds of 9mm ammunition;

      c.   a Kimber 1911 .45-caliber handgun; and

      d.   approximately eight rounds of .45-caliber ammunition.

### Substitute Assets

5.    If, as a result of any act or omission of any of the defendants, any of the property described above as being subject to forfeiture:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

12/12/23
Date

9