UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. MJM-23-445 |
| ANTON JENIFER | * | |

* * * * * * * * * *

### RESPONSE TO GOVERNMENT'S MOTION TO RECONSIDER

Anton Jenifer, through his attorney C. Justin Brown, Brown Law, respectfully opposes and asks this Court to deny the Government's Motion to Reconsider the Admissibility of Exhibits 4.52 and 4.49. The Government cites no authority for this Court to reconsider its ruling granting Jenifer's motion to exclude certain hearsay statements, and there is none. Further, the statements are inadmissible because they are unreliable in light of the Government's recent *Brady* disclosure, in which Theron Black admitted that he was lying anytime he referenced "cooking" or "working" while speaking to any of his girlfriends. The Government's motion should be denied.

### ARGUMENT

**I.   There is no authority for the Government's motion.**

The Government asks this Court to reconsider its ruling excluding two phone calls between Theron Black and one of his girlfriends, Carlene Johnson. The Government cites no authority for such a request, and neither the Federal Rules of Criminal Procedure nor the Local Rules of this District provide for such motions. Instead, the Government simply seeks a second opportunity to raise arguments that it

neglected to raise in its opposition to Jenifer's motion in limine to exclude these phone calls. But that is not a legitimate basis for relitigating this issue.

There is no rule providing for motions for reconsideration in criminal cases. The most analogous rules in the civil context are Rules 59 and 60 of the Federal Rules of Civil Procedure. But neither is an appropriate basis for the Government's motion here, because – aside from being applicable only in the civil context – these rules apply to modification of a final judgment, not to the reconsideration of a pretrial ruling. Second, even where the civil rules allow for "reconsideration," the circumstances under which a court may change a judgment are narrow. First, a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). There is no such mistake present here.

Second, as arguably applicable here, a court "may relieve a party … from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence …; (3) fraud, misrepresentation, or misconduct by an opposing party; … or (6) any other reason that justifies relief." Neither subsections (1), (2), or (3) are present here, leaving only Rule 60(b)'s catchall provision as a basis for relief. But relief under this provision is rare, and judges of this District have consistently held that "mere disagreement" with a court's ruling does not justify the "extraordinary relief under Rule 60(b)(6)'s 'catchall' provision." *LaTisha P. v. O'Malley*, No. SAG-21-2644, 2024 U.S. Dist.

LEXIS 228401 at *7 (D. Md. Dec. 18, 2024); *Lamb v. Spencer*, No. PX-16-2705, 2019 U.S. Dist. LEXIS 112364, 2019 WL 2921787, at *3 (D. Md. July 8, 2019) (denying Rule 60 motion because "mere disagreement does not meet the stringent requirements of Rule 60(b)(6)"); *Tyler v. Amtrak*, No. PJM-15-1666, 2016 U.S. Dist. LEXIS 146591, 2016 WL 6170509, at *1 (D. Md. Oct. 24, 2016) (stating that Rule 60(b)(6) "may be invoked only in extraordinary circumstances").

The Government has presented no extraordinary circumstances to justify a reconsideration of this Court's prior ruling. Jenifer filed a motion in limine, which the Government opposed. The Government raised numerous arguments in support of its claim that the disputed calls were admissible, and this Court disagreed. Now, because it disagrees with this Court's ruling, the Government seeks to raise new arguments that it neglected to raise previously, in hopes of salvaging some of the evidence it intended to introduce against Jenifer. This is not the type of circumstance that justifies the "extraordinary relief" under Rule 60(b)(6). This Court should deny the Government's motion.

  **II.** **The calls are inadmissible because they are unreliable.**

The calls at issue are also inadmissible because they are inherently untrustworthy and unreliable. The Government argues that one of the calls is admissible as a present sense impression, and the other is admissible as a statement of the declarant's state of mind. But a fundamental underpinning of the various hearsay exceptions in Rule 803 is that the statements are admissible because the circumstances

3

under which they were made render them trustworthy. For example, Judge Griggsby of this District recently noted that "the underlying rationale of the present sense impression exception is that substantial contemporaneity of event and statement minimizes unreliability due to defective recollection or conscious fabrication." *United States v. Mosby*, No. LKG-22-0007, 2024 U.S. Dist. LEXIS 4182, 2024 WL 96349, at *16 (D. Md. Jan. 9, 2024); *see also*, Fed. R. Evid. 803, advisory committee note (same). Since the state-of-mind exception under Rule 803(3) "is essentially a specialized application of [the present sense impression] Exception," the same rationale applies with equal force to statements of a declarant's existing state of mind. *See id.*, advisory committee note regarding Fed. R. Evid. 803(3).

  But that inherent reliability and trustworthiness is lacking here. Black has already told the Government he was lying when he told any of his girlfriends that he was either "cooking" or "working." Specifically, in a recent *Brady* disclosure, the Government disclosed that during a safety valve proffer, Black stated that "anytime he claimed he was cooking cocaine for Jenifer or 'had to go to work' during a call, he was lying so he could spend more time with his other girlfriend(s)." This admission calls into question the trustworthiness and reliability of any call in which Black discussed cocaine production or dealing with one of his girlfriends. Further, because Black "consciously fabricated" statements about "cooking" or "working," his admission undermines the rationale for allowing statements of present sense impressions or then-existing state of mind into evidence. *See Mosby*, 2024 U.S. Dist. LEXIS 4182 at *16.

This is particularly true as related to Government Exhibit 4.52 (call session 6117), which the Government seeks to introduce as a present sense impression. In that call, Black is speaking with his girlfriend Carlene Johnson, who called Black to find out when he was coming over, because he apparently was taking too long. *See* Gov't Ex. 4.52T. Black told Johnson he couldn't leave "right now" because "Nutty cooking something," and that he would go see Johnson after "this cook down and I put the shit up." *Id*. Black concludes the call by stating, "I gotta go. … I'm working." *Id*.

This is exactly the type of circumstance in which Black admitted that he would lie to one girlfriend so that he could spend more time with the other. Black's admission to the Government renders his statements during this call inherently untrustworthy and unreliable, and they should therefore not be admitted as a present sense impression.

### III.    Call Session 4709 (Exhibit 4.49) is not admissible under Rule 803(3).

Lastly, the Government argues that Black's conversation with one of his girlfriends on January 31, 2023, is admissible as a statement of Black's then-existing mental, physical, or emotional condition. But, in addition to the reliability issues described above, the call does not qualify as a statement of Black's then-existing state of mind. The Fourth Circuit has explained that "the threshold requirements for invoking this hearsay exception are that (1) the statement must be contemporaneous with the mental state sought to be proven; (2) there must be no suspicious circumstances suggesting a motive for the declarant to fabricate or misrepresent his or her thoughts; and (3) the declarant's state of mind must be relevant to an issue in the

case." *United States v. Srivastava*, 411 Fed. Appx. 671, 684 (4th Cir. 2011). The Government has not satisfied these requirements.

First, it is unclear which specific statements the Government seeks to admit as evidence of Black's state of mind, or what state of mind the Government even seeks to prove. The transcript for this call comprises two pages (single-spaced), and during much of it, Black is rambling about a number of different things. Thus, it is unclear what state of mind it is that the Government seeks to prove, and therefore, it is impossible to determine whether any particular statement satisfies the first requirement noted above – that the statement be contemporaneous with the state of mind *sought to be proven*. Nor can relevance be readily determined. *See Srivastava*, 411 Fed. Appx. at 684 ("the declarant's state of mind must be relevant to some issue in the case").

While the Government seems to suggest that most of the call is admissible (conceding some redactions), it also highlights one particular statement from the call: "he gonna start redirecting um the base of operations to somewhere else." ECF 134 at 4. But this statement does not describe Black's state of mind at all. Nor does it describe his own plans, motives, or intent, as the Government contends. Rather, Black is clearly referring to another person in this call. This particular statement is therefore not admissible as a statement of Black's then-existing state of mind, emotion, sensation, or physical condition. Indeed, the Government has not isolated any particular statement in this two-page transcript that describes Black's state of mind as

it existed at that moment. The Government's motion should therefore be denied.[1]

## CONCLUSION

For all of the foregoing reasons, Jenifer respectfully requests this Honorable Court grant his motions in limine and exclude the evidence described above.

Respectfully submitted,

_____/s/_____
C. Justin Brown
233 East Redwood St. Suite 1000C
Baltimore, Maryland 21202
Tel: (410) 244-5444
Fax: (443) 534-9634
Email: brown@cjbrownlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 31, 2025, a copy of the foregoing Response in Opposition was sent to each of the parties via CM/ECF.

_____/s/_____
C. Justin Brown

---

[1] In the event that the Court is considering admitting any statements in this call, it should require the Government to identify the specific statements that it believes are admissible under Rule 803(3), so that Jenifer can adequately address the Government's claims.